**Benjamin F. SAPPINGTON et al.**

**v.**

**ASSOCIATED TRANSPORT, INC.,**
**a body corporate.**

**Civ. No. 70–509–HM.**

United States District Court,
D. Maryland.

Jan. 31, 1972.

Benjamin Lipsitz, Baltimore, Md., for plaintiffs.

William W. Cahill, Jr., Robert F. Skutch, Jr., Baltimore, Md., William J. Curtin, Charles P. O'Connor, Washington, D. C., for defendant.

HERBERT F. MURRAY, District Judge.

OPINION AND ORDER

The Defendant, Associated Transport, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure, has moved for summary judgment. In their complaint, Plaintiffs charge the Defendant motor carrier with an improper "change of operations" allegedly effected by Defendant without following the required procedures established in agreements ar-

rived at by collective bargaining between Defendant and its employees (the Plaintiffs herein). Implementation of the contested change of operations forced the Plaintiffs, members of Local Union No. 557 and road drivers of Defendant, to choose between redomicile from Baltimore, Maryland, to either Scranton or Milton (White Deer), Pennsylvania, and placement in a laid-off status. Of approximately fifty union members given this option, none accepted redomicile. Plaintiffs seek injunctive relief against the actions of the Defendant employer. Defendant contends that on the basis of the pleadings, affidavits and agreements on file, it is entitled to judgment as a matter of law.

Plaintiffs claim the change of operations was in violation of an express provision in one of several collective bargaining agreements. The documents at issue, which covered the period April 1, 1967 to March 31, 1970, are 1) The National Master Freight Agreement (hereinafter NMFA) and 2) its supplement, the Maryland-District of Columbia Freight Council Over-the-Road Supplemental Agreement (hereinafter Supplement). These agreements are continuous in character inasmuch as the NMFA ends its general treatment of union-employer rights and duties in Article 37 and the Supplement begins its specific treatment of the same relationship in Article 38. Neither document expressly delineates the manner in which conflict between overlapping provisions should be resolved, although both contain similar language purporting to outline the appropriate procedure for effecting changes in operations.

The complained of change was instituted pursuant to the arbitration procedure set forth in Article 8(e) of the NMFA, which provides, in part, that:

"Present terminals, breaking points, or domiciles shall not be transferred or changed without the Employer first having asked for and received approval from an appropriate committee on change of operations, the members of which shall be appointed by the Joint Area Committee . . . This shall not apply within a 25-mile radius."

The Defendant's request for the challenged change of operations was submitted to and approved by the Eastern Conference Joint Area Committee (hereinafter ECJAC). Plaintiffs contend that the Defendant should have followed the procedure set out in Article 42, Section 8, of the Supplement, which provides that:

". . . terminals . . . shall not be transferred or changed without the Employer first having asked for and received approval from the subcommittee on Change of Operations, the members of which shall be appointed by the Joint Maryland-District of Columbia Area Committee at each monthly meeting. This shall not apply within a forty (40) mile radius."

At the hearing on the instant motion the Defendant advanced the argument that the ECJAC was the proper forum for submission of its proposed change of operations because that committee had jurisdiction over all parties who would have been affected by adoption of the change. Defendant's argument, however, begs the ultimate question presented here; namely, under what circumstances should a change of operations determination be made initially by the local, as distinguished from the regional, level Joint Area Committee.

The Court finds that a genuine issue exists between the parties as to which procedure should have been followed in effecting this change of operations, and that resolution of this issue has a material bearing on what employment-related rights, if any, Plaintiffs may have lost through Defendant's actions. In this regard, the Court notes that subsequent to the NMFA arbitration, the Defendant advised the Plaintiffs that since they would not accept redomicile, they were being ". . . laid off in accord-

ance with the Maryland-D.C. area contract. . . ." Both the NMFA and the Supplement specify the "lay off" conditions which should be applied pursuant to their respective change of operations provisions. The Court further notes the pertinent language in Article 38, Section 1, of the Supplement, which states:

"The execution of this Supplemental Agreement on the part of the Employer shall cover all over-the-road operations within, into and out of [the state of Maryland and the District of Columbia]."

Whether or not Plaintiffs' allegations ultimately justify the injunctive relief they seek, the Court is not prepared at this time to construe or interpret the contested contract provisions without the benefit of additional evidence. Accordingly, and for the foregoing reasons, the Court rules that Defendant's Motion for Summary Judgment be and the same hereby is denied.